Case 1:20-cr-00305-CCB   Document 1   Filed 09/16/20   Page 1 of 4



MFD: USAO 2019R00053

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. CCB-20-0305 |
| v. | * | |
| | * | (Theft of Government Property, |
| DENISE FIORINI | * | 18 U.S.C. § 641; Aiding & Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| Defendant | * | § 981(a)(1)(C); 28 U.S.C. § 2461(c); |
| | * | 21 U.S.C. § 853) |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant:

1. The Social Security Administration ("SSA") was an agency of the United States within the United States Government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. These programs included Social Security Retirement Insurance Benefits. To have been entitled to monthly Retirement Insurance Benefit payments, persons must first have worked for a sufficient period of time in jobs in which they paid Social Security taxes, and be at least 62 years of age.

2. N.S. was born in 1940 and was collecting SSA Retirement Insurance Benefits at the time of his death on or about December 17, 2010.

3. **DENISE FIORINI** ("**FIORINI**") is the former romantic partner of N.S., and a resident of Glen Burnie, Maryland.

4. **FIORINI** is identified N.S.'s fiancé and the informant on N.S.'s death certificate.

1

5. At the time of N.S.'s death in 2010, his Retirement Insurance Benefits were paid by direct deposit into an account in his name at Bank of America.

6. After N.S. died, **FIORINI** regularly withdrew or caused to be withdrawn the benefits payments, typically the day they were deposited, and spent them.

7. After N.S.'s death, neither **FIORINI** nor any other individual was entitled to receive SSA Retirement Insurance Benefits on N.S.'s behalf.

8. Because SSA was not aware of N.S.'s death, between December 17, 2010 and May 2018, SSA continued to make monthly payments of Retirement Insurance Benefits to N.S. by direct deposit to the Bank of America account, believing him to be alive. At the time benefits were suspended in May 2018, SSA was paying $968 per month in benefits. SSA paid over $88,000 in unauthorized benefits after N.S.'s death.

### The Charge

8. Between in or about December 2010 and in or about May 2018, in the District of Maryland, the defendant,

### DENISE FIORINI,

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, money of the United States, whose value exceeded $1,000, namely Social Security Retirement Insurance Benefit payments, to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c) as a result of **FIORINI**'s conviction under Count One of the Indictment.

2. As a result of the offense set forth in Count One of the Indictment, the Defendant,

**DENISE FIORINI,**

shall forfeit to the United States any and all property, real or personal, constituting, or derived from proceeds traceable to any such violation.

### Substitute Assets

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or,
   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, that is, $88,954.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853

Robert K. Hur
United States Attorney

A TRUE BILL:

Foreperson

Date: 9/16/2020